Celeste K. Miller (ISB No. 2590)
Chas. F. McDevitt (ISB No. 835)
Dean J. Miller (ISB No. 1968)
McDEVITT & MILLER LLP
420 West Bannock Street
P.O. Box 2564-83701
Boise, ID  83702
Tel: 208.343.7500
Fax: 208.336.6912
ck@mcdevitt-miller.com
joe@mcdevitt-miller.com
chas@mcdevitt-miller.com

Howard Holderness (CA Bar No. 169814) (*Pro Hac Vice* Application pending)
MORGAN, LEWIS & BOCKIUS LLP
One Market, Spear Street Tower
San Francisco, CA 94105-1126
Tel: 415.442.1740 /415.442.1000
Fax: 415.442.1001
www.morganlewis.com

*Attorneys for Scott Paul*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JH KELLY, LLC a Washington limited liability company,<br><br>     Plaintiff,<br>vs.<br><br>TIANWEI NEW ENERGY HOLDINGS CO., LTD., a People's Republic of China company, TAO (MIKE) ZHANG, WEI XIA, SCOTT PAUL, DAYI (SEAN LIU, AND DOES 1-10,<br><br>     Defendants, | **Case No. 13-cv-00368-BLW**<br><br>**MEMORANDUM IN SUPPORT OF DEFENDANT SCOTT PAUL'S MOTION TO DISMISS** |

COMES NOW, Scott Paul, Defendant in the above captioned action, by and through counsel, Celeste K. Miller of McDevitt & Miller LLP, and Howard Holderness of Morgan, Lewis & Bockius, LLP, and files this Memorandum in Support of Motion to Dismiss under and

**MEMORANDUM IN SUPPORT OF DEFENDANT SCOTT PAUL'S MOTION TO DISMISS—1**

pursuant to Fed. R. Civ. P. 9 (b) and 12 (b) (1), (2), (4), (5) and (6) for lack of subject matter jurisdiction, lack of personal jurisdiction (including ineffective service of process) and for failure to state a claim upon which relief can be granted.

## I. Background

Plaintiff's Complaint alleges the following facts that are not contested for purposes of the Motion to Dismiss: that JH Kelly is a limited liability company organized in the state of Washington; that Mr. Paul is a resident of Hawaii; that at times relevant to the Complaint Mr. Paul served as the Chief Executive Officer of Hoku Corporation and was a Director of its Board; that Hoku Materials, Inc., was a wholly-owned subsidiary of Hoku Corporation; that Hoku Materials, Inc., intended to manufacture polysilicon at a plant to be constructed in Pocatello, Idaho; that JH Kelly was hired as the general contractor for construction of the plant; that Tianwei New Energy Holdings Co., LTD., (Tianwei) was the majority shareholder of Hoku Corporation from approximately December 2009 until July 2, 2013, the date that Hoku Corporation filed a Chapter 7 bankruptcy proceeding in the United States Bankruptcy Court for the District of Idaho.[1]

## II. Argument

Generally, Plaintiff's claims against Mr. Paul and other defendants arise out of an eventual failure of Defendant Tianwei to fund completion of the plant construction. The funding shortfall left the Plaintiff unpaid for a portion of its work as the general contractor of the construction project, and it filed this action on August 20, 2013.

Mr. Paul was the CEO and Board Member of Hoku Corporation, and its majority shareholder was Defendant Tianwei. The Complaint alleges personal jurisdiction over Mr. Paul in his personal, individual capacity under Idaho's long-arm statute, and it claims related

---
[1] *In Re Hoku Corporation*, Debtor, Case No. 13-40838.

**MEMORANDUM IN SUPPORT OF DEFENDANT SCOTT PAUL'S MOTION TO DISMISS—2**

Diversity Jurisdiction under the provisions of 28 U.S.C. § 1332. Diversity jurisdiction is alleged in support of Plaintiff's First Cause of Action and Plaintiff's Second Cause of Action, a common law fraud claim and a state of Idaho civil RICO claim, respectively. The Complaint also alleges federal question jurisdiction under 28 U.S.C. § 1331 based on the allegations of Plaintiff's Third Cause of Action, a federal civil RICO claim under 18 U.S.C. § 1961, *et. seq.* based on an enterprise liability theory.

Mr. Paul recognizes that when ruling on a motion to dismiss under Rule 12 (b) a court will convert the motion to a motion for summary judgment if the court considers evidence outside the pleadings to reach a decision. A court may, however, rely on matters of judicial notice without converting a motion to dismiss to a motion for summary judgment. *Elliott v. Smith & Nephew, Inc.*, Case No. 1:12-CV-0070-EJL-MHW, 2013 BL 100581 (D. Idaho Apr. 15, 2013)(Motion to dismiss for failure to state a claim granted in part and denied in part), *Gilbert v. Bank of America Corp.*, Case No. 1:11-cv-00272-BLW., 2012 BL 247871 (D. Idaho Sept. 26, 2012)(Court may take judicial notice of undisputed matters of record).

The instant motion can be decided with reference to the Complaint and by taking judicial notice of materials of record in bankruptcy cases recently filed in this District for debtors Hoku Corporation and Hoku Materials, Inc.[2] Additionally Mr. Paul asks the court to take judicial notice of a Complaint that Plaintiff filed in the District Court of the Sixth Judicial District of the State of Idaho, Bannock County, as case No. CV-2012-1123-OC against Hoku Materials, Inc., *et al* on March 15, 2012, and Exhibit B thereto. No other evidence is necessary to decide Mr. Paul's Rule 12 (b) motion.

---

[2] Hoku Materials, Inc., Case No. 13-40837 and Hoku Corporation, Case No. 13-40838. The (sworn) Schedules, including Schedule D, Creditors Holding Secured Claims, appear in Hoku Materials, Inc. at Docket # 1 and indicate it owed total liabilities of $779,031,323.28 to approximately 172 creditors (secured, unsecured and priority), including Plaintiff ($25,280,617) on July 2, 2013.

**MEMORANDUM IN SUPPORT OF DEFENDANT SCOTT PAUL'S MOTION TO DISMISS—3**

Mr. Paul moves the Court for an order dismissing the action against him contemporaneously with filing this Memorandum in Support of Defendant Scott Paul's Motion to Dismiss.

**A.     Plaintiff's First and Third Causes of Action Should be Dismissed for Failure to State a Claim Upon Which Relief Could be Granted.**

In its First Cause of Action Plaintiff alleges common law fraud and in its Second and Third Causes of Action Plaintiff alleges state and federal civil RICO violations, respectively. The counts fail to state a claim for which relief can be granted as none complies with state or federal rules requiring that fraud allegations, including federal RICO claims, be pled with particularity as to circumstances. Idaho Rule Civ. Pro. 9 (b), Fed. R. Civ. Pro. 9 (b). The Supreme Court has held that a complaint does not need detailed factual allegations but that the factual allegations must exceed mere speculation. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In *Twombly* the Supreme Court stated that, "Mere labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id*. at 570. In a more recent case the Supreme Court pointedly held that, "… the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

A court is not required to accept as true allegations that are merely conclusory, lack a cognizable legal theory, or where the allegations on their face indicate that no legal relief is available. *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990)(Complaint lacked cognizable legal theory). See also: *Maune v. Bankers Life & Casualty Ins. Co.,* Case No. CV 10-074-E-BLW, 2010 BL 115282 at 4 (D. Idaho May 24, 2010)(case dismissed for generic allegations and failure to plead

a plausible cause of action); *AMX Intl., Inc. v. Battelle Energy Alliance, LLC.*, Case No. CV-09-210-E-BLW, 2009 BL 270098 (D. Idaho Dec. 16, 2009)(case dismissed with leave to amend).

Moreover, the Ninth Circuit applies the particularity requirements of Rule 9 (b) to civil RICO claims. *Moore v. Kayport Package Exp., Inc.*, 885 F.2d 531, 541 (9th Cir. 1989). Thus, allegations of fraud under federal civil RICO statutes must identify the time, place, causation and manner of each fraud plus the role of each defendant in each scheme. The U.S. District Court for the Central District of California found fatal pleading deficiencies for plaintiffs' failure to allege the "who, what, when, where, and how" of the alleged misconduct. *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litigation,* 785 F. Supp. 2d 883, 918 (C.D. Cal. 2011), relying on *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir.2003).

Of key importance here is Plaintiff's failure to plead causation with particularity. This failure deprives Plaintiff of standing. Failure to plead the element of causation with particularity deprives a plaintiff of standing, a defect of constitutional magnitude, which thereby deprives the court of subject matter jurisdiction over the action. *Luhan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Article III, Section 2, United States Constitution, requires plaintiffs to show injury in fact, *that is fairly traceable to the challenged conduct* and that is redressable by courts. *Id.* In *Gilbert v. Bank of America Corp.*, Case No. 1:11-cv-00272-BLW, 2012 BL 247871 (D. Idaho Sept. 26, 2012), this court held at 7 that, "[t]o have standing under civil RICO, [a plaintiff] is required to show that the racketeering activity was both a but-for cause and a proximate cause of his injury." See *Rezner v. Bayerische Hypo—Und Vereinsbank AG*, 630 F.3d 866, 873 (9th Cir. 2010) citing *Holmes v. Securities Investor Prot. Corp.*, 503 U.S. 258, 268 (1992). Proximate cause under civil RICO requires "some direct relation between the injury asserted and the

injurious conduct alleged." *See Holmes v. Sec. Investor Protection Corp.*, 503 U.S. 258, 268 (1992).

These stringent pleading requirements demand that Plaintiff here state specifically how Mr. Paul's conduct supports fraud and civil RICO allegations against him personally rather than a common law breach of contract action against Tianwei or the debtor entities that is redressable in state (or now bankruptcy) court.[3] A breach of contract claim cannot, "be transmogrified into a RICO claim by the facile device of charging that the breach was fraudulent." *Carr v. Tillery*, 591 F.3d 909, 918 (7th Cir. 2010).

### B.   Insufficient allegations against Defendant Scott Paul

Plaintiff's conclusory allegations against Mr. Paul, even under an "enterprise" RICO theory, lack requisite specificity and particularity as to elements and as to standing/causation.

The first allegation against Mr. Paul in Plaintiff's General Allegations, paragraph 22, states, " …on November 17, 2011 Scott Paul represented to Terry Major of JH Kelly that releasing the funds to JH Kelly was 'complicated' because Chinese banks only have limited funds to provide to U.S. ventures and by the end of the year most of those funds were already allocated. Mr. Paul also stated that 'Hoku/Tianwei is not a credit risk. There is just a timing issue.'"

Plaintiff's General Allegations, Paragraph 23 states, "Mr. Paul sent a follow-on email dated November 23, 2011, where he informed JH Kelly that 'we're good for the money. Tianwei has committed to provide the funding we need to build this plant. At Paragraph 26 Plaintiff alleges that on February 6, 2012 Mr. Paul announced to the media that, "[t]he extension

---

[3] See: *JH Kelly v. Hoku Materials, Inc., et al*, Case No. CV-2012-1123-OC, Lien Foreclosure action pending in Bannock County, Idaho against Hoku Materials, Inc., and others, including two counts of breach of contract against Hoku, and including as Exhibit B to the Complaint therein a copy of a Notice and Claim of Lien, Instrument # 21118444, indicating that on November 30, 2011, JH Kelly ceased supplying materials and labor at the plant site.

**MEMORANDUM IN SUPPORT OF DEFENDANT SCOTT PAUL'S MOTION TO DISMISS—6**

of the loans reaffirms Tianwei's continuing commitment to Hoku's long-term success." The paragraphs of Plaintiff's General Allegations are incorporated into its Causes of Action allegations.

In its First Cause of Action Plaintiff appears to allege that portions of the emails from Mr. Paul quoted in the foregoing two paragraphs immediately above, together with statements Plaintiff attributes to other named individual defendants, were, collectively, statements of fact (Complaint paragraph 30); that said representations were false (Complaint paragraph 31); that they were material; they were relied upon by JH Kelly and were the "reason JH Kelly continued working on the project" (Complaint paragraph 32); that at the time the representations were made the defendants either knew that the funds were not secured, knew that such funds would not be paid to JH Kelly, or did not know the truth of the statements at the time they were made. (Complaint paragraph 33); that the defendants intended for JH Kelly to rely on their collective representations; and that the defendants collectively intended for JH Kelly to continue working on the project. (Complaint paragraph 35). Plaintiff concludes its First Cause of Action with the statement that, "At a minimum, JH Kelly suffered damages in Idaho in an amount in excess of $25,000,000 as a result of its reliance on the representations made by the Tianwei Defendants, plus prejudgment interest. (Complaint paragraph 37).

The allegations against Mr. Paul in Plaintiff's Third Cause of Action, federal civil RICO, specifically relate to two email statements he made to Plaintiff as well as one comment he made to the media concerning Tianwei's commitment to long-term success. As to these statements the Complaint concludes that, "... it was made with the specific intent to defraud or deceive."

(Complaint paragraphs 59 and 60). In paragraph 33 the Complaint alleges (referring to the foregoing statements) that at the time the statements were made the Defendants "either knew that the funds necessary to pay JH Kelly were not secured, knew that such funds would not be paid to JH Kelly, or did not know the truth of their statements …"

The foregoing allegations do not satisfy the, "who, what, when, where and how," components of specific pleading requirements. *In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales Practices, & Products Liab. Litigation,* 785 F. Supp. 2d 883, 918 (C.D. Cal. 2011). They merely mimic the elements of fraud and or federal civil RICO, which has been held insufficient to state a claim in this district. *Driggers v. Beck,* Case No. 1:10-cv-00182-EJL, 2012 BL 221216 (D. Idaho Aug. 28, 2012). In *Driggers,* the Honorable Edward J. Lodge recognized that,

> "… Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*
>
> To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.* Dismissal may be based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't,* 901 F.2d 696, 699 (9th Cir. 1990)."

Rule 9 (b) demands even more than Rule 8, which Judge Lodge relied upon in dismissing the *Driggers* case. Insufficient facts deprive this Complaint of cognizable legal theories.

The Complaint fails to allege the beginning, ending or transmission routing details of use of the wires (by emails) to satisfy the element of interstate wire transmission; and it fails to allege when JH Kelly stopped performing construction work at the site and began de-mobilizing from the site.

**MEMORANDUM IN SUPPORT OF DEFENDANT SCOTT PAUL'S MOTION TO DISMISS—8**

The Complaint fails to allege how any of the defendants' statements were false. It does not claim that information about limits on or timing of Chinese bank lending in the United States was false. Nor does the Complaint allege in any regard that statements about Tianwei's funding commitments were false when they were made. Without specifically alleging how, the Complaint concludes that Mr. Paul's (and other defendants in the "enterprise") statements were intentionally false. Mr. Paul and this court are entitled to know how anything he or others said was false or if Tianwei was not truthful with him how he should have known that.

C.   **The Critical Link of Causation is missing.**

In addition to pleading facts in support of fraud and federal civil RICO with specificity the Plaintiff must allege causation with particularity to gain standing in federal court. The Complaint alleges at Paragraph 26 that, "For work completed through December 14, 2011, Hoku Materials owed JH Kelly in excess of $25,000,000." As Schedule D in the Hoku Materials, Inc., bankruptcy case indicates, JH Kelly filed a lien as Instrument No. 21118444 on December 5, 2011, a mere twelve (12) days after the second email Mr. Paul authored regarding funding.[4] Plaintiff utterly ignores alleging how it was injured directly and proximately by Mr. Paul's statements in either of his November 2011 emails (sent on Nov. 17 and on Nov. 23rd) or in statements made as early as November 3, 2011 by other defendants.

Plaintiff is required to specify exactly what it would have done or have refrained from doing *but for* Mr. Paul's statements in late November 2011. It is obvious from Plaintiff's allegation of loss as of December 14, 2011 that Plaintiff could not have relied to its detriment on a statement to the media that it alleges Mr. Paul made in February 2012, which statement

---

[4] Docket # 1 (sworn) Schedule D, Hoku Materials, Inc., Case No. 13-40837.

**MEMORANDUM IN SUPPORT OF DEFENDANT SCOTT PAUL'S MOTION TO DISMISS—9**

therefore cannot form the basis of a fraud or RICO claim in this action. Plaintiff's failure to allege cause "fairly traceable" to the challenged conduct robs this court of subject matter jurisdiction over the case. *Luhan v. Defenders of Wildlife*, 504 U.S. 555 (1992), *Gilbert v. Bank of America Corp.*, Case No. 1:11-cv-00272-BLW, 2012 BL 247871 (D. Idaho Sept. 26, 2012), *Van Kirk v. Bank of America Corp.*, No. 1:11-cv-00621-BLW-REB, 2012 BL 207318 (D. Idaho Aug. 15, 2012)(causation required for "enterprise" RICO allegations), *Gibson v. Credit Suisse AG*, 787 F. Supp. 2d 1123 (D. Idaho 2011) [2011 BL 288371](Comprehensive discussion of standing and causation).

Mr. Paul's press statement that Tianwei would continue to fund the project was obviously directed to the public, including all of the companies' creditors, not solely to Plaintiff. Plaintiff stopped work at the plant by November 30, 2011. See fn. 3 herein. Statements in November 2011 could not have caused those losses any more than Mr. Paul's statement to the media could have after the fact in February 2012.

The absence of specific causation allegations is fatal to the Plaintiff's fraud and RICO causes of action. Plaintiff's failure to plead the what, where, who, when, and how that Rule 9 (b) requires in fraud and civil RICO cases compels dismissal. Plaintiff's breach of contract claims have not been successfully transmogrified into a fraud or RICO case.

### III. Causation is Also Required for Personal Jurisdiction

The arguments above apply with equal measure to Plaintiff's First and Third Causes of Action for common law fraud, state RICO and federal civil RICO. If the federal RICO claim is dismissed the arguments concerning personal jurisdiction over Mr. Paul apply to and should additionally compel dismissal of Plaintiff's First and Second causes of action (common law fraud and state-based RICO).

Plaintiff asserts personal jurisdiction over Mr. Paul in his personal and individual capacity pursuant to Idaho's long-arm statute, IC § 5-514. The Supreme Court has determined that a defendant's contacts with the forum state must be assessed individually. *D. Brutke's Victory Hills, LLC v. Tutera*, Case No. 3:12-cv-01951-SI., 2013 BL 193312 (D. Or. July 22, 2013), *citing Calder v. Jones*, 465 U.S. 783 (1984). Mr. Paul's sole contacts with Idaho were in a corporate capacity while serving as the CEO and Board Member of Hoku Corporation during construction of its subsidiary's plant in Pocatello. Mr. Paul therefore maintains that service of process on him for this action was ineffective and exercising jurisdiction over him in this suit offends traditional notions of fair play and substantial justice. In analyzing jurisdictional fairness the Idaho Supreme Court set out the following factors in *Smalley v. Kaiser*, 950 P.2d 1248, 1252 (1997):

- the burden on the defendant,
- the forum State's interest in adjudicating the dispute,
- the plaintiff's interest in obtaining convenient and effective relief,
- the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and
- the "shared interest of the several States in furthering fundamental substantive social policies.

This court has applied the Smalley factors in considering diversity jurisdiction in conjunction with Idaho's long-arm statute. *Cornelius and S103, Inc., v. Deluca et al*, CV-10-27-BLW. In *Cornelius* this court recognized that Idaho's long-arm statute may extend its reach further than the Due Process provisions of the United States Constitution, but that Idaho Supreme Court decisions rein in the reach of jurisdiction to the limits of Due Process. *Id.* at pg. 7, fn 3.

**MEMORANDUM IN SUPPORT OF DEFENDANT SCOTT PAUL'S MOTION TO DISMISS—11**

Given that all of Mr. Paul's contacts with Idaho were in his capacity as a corporate officer (of a now bankrupt company) and not in any personal capacity, the Washington Plaintiff should establish good reason for the court to disregard the corporate form in exercising jurisdiction over Mr. Paul, who, at all relevant times has resided in Hawaii.  By alleging enterprise RICO claims against Mr. Paul Plaintiff attempts to blur some of the defendant-distinct specificity that pleading rules require in other RICO actions.  The jurisdictional analysis of forum contacts, however, is more individualized than the allegations of conduct by the individuals in an alleged enterprise RICO count.

In analyzing the jurisdictional arguments in the *Cornelius* case this court applied a "but for" test applicable in the Ninth Circuit.  *Menken v.Emm*, 503 F. 3rd 1050 (9th Cir. 2007).  Here the Plaintiff must show that it would not have suffered injury "but for" Mr. Paul's forum related individual conduct.  This narrows the focus from conduct of all of the members of the so-called "enterprise" to conduct that Plaintiff specifically alleges against Mr. Paul.

Mr. Paul's allegedly wrongful conduct consists of statements made in a November 17, 2011 email, and in a November 23, 2011 email to a Plaintiff that ceased its work on the plant construction on November 30, 2011.  For this Washington state-based Plaintiff to invoke diversity, long-arm jurisdiction to hale Mr. Paul from Hawaii to answer for fraud and RICO claims in Idaho it has to make a strong and very detailed case that "but for" the statements in those emails it would not have suffered direct and proximate harm between November 17 and November 30, 2011.

The degree of harm that must be shown by a plaintiff to establish personal long-arm jurisdiction appears to be measured in comparison to the extent of forum contacts.  Mr. Paul is not alleged to have had any personal contacts with Idaho.  Plaintiff has failed to allege that any

**MEMORANDUM IN SUPPORT OF DEFENDANT SCOTT PAUL'S MOTION TO DISMISS—12**

contacts caused specific, direct or proximate harm to it. Based on the timing of events during the construction of the Pocatello plant it appears impossible for Plaintiff to suggest the degree of causation the law requires it to show that would make it fair as a matter of due process to subject Scott Paul to the jurisdiction of this court in this litigation.

## CONCLUSION

Based on the Complaint herein, the foregoing arguments and matters of which the court can take judicial notice, Plaintiff's Complaint against Scott Paul should be dismissed for failure to state a claim upon which relief can be granted, lack of subject matter jurisdiction and for lack of personal jurisdiction (including ineffective service of process) over Mr. Paul upon which diversity jurisdiction must be based.

DATED THIS 16th day of September 2013.

                         **MCDEVITT & MILLER LLP**

                         By: /s/ Celeste K. Miller
                         Celeste K. Miller
                         Attorneys for Defendant Scott Paul

                         **MORGAN, LEWIS & BOCKIUS LLP**

                         By: /s/ Howard Holderness
                         Howard Holderness
                         Attorneys for Defendant Scott Paul

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 16th day of September, 2013, I filed the foregoing electronically through the CM/ECF System, which caused the following parties or counsel to be served by electronic means, as more fully reflected on the Notice of Electronic Filing:

**Craig R. Yabui**
Elam & Burke, P.A.
Email: cry@elamburke.com

**Joseph N. Pirtle**
ELAM & BURKE
Email: jnp@elamburke.com

**William G. Dryden**
ELAM & BURKE
Email: wgd@elamburke.com

                          MCDEVITT & MILLER LLP

                          By: /s/ Celeste K. Miller
                          Celeste K. Miller
                          Attorneys for Defendant Scott Paul