UNITED STATES DISTRICT COURT

DISTRICT OF IDAHO

----oo0oo----

| | |
|---|---|
| JH KELLY, LLC, a Washington limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>TIANWEI NEW ENERGY HOLDINGS CO., LTD, a People's Republic of China company; TAO (MIKE) ZHANG; WEI XIA; SCOTT PAUL; DAYI (SEAN) LIU; and DOES 1-10,<br><br>Defendants. | CIV. NO. 4:13-368 BLW<br><br>MEMORANDUM AND ORDER RE: MOTIONS TO DISMISS |

----oo0oo----

Plaintiff JH Kelly, LLC brought this action against defendants Tianwei New Energy Holdings Co., Ltd. ("Tianwei"), Tao Zhang, Wei Xia, Scott Paul, and Dayi Liu arising out of plaintiff's construction work at a polysilicon plant in Pocatello, Idaho. Defendants now move to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of standing, pursuant to Rule 12(b)(2) for lack of personal

1

jurisdiction, and pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

I. <u>Factual & Procedural History</u>

In 2007, Hoku Corporation, a materials science company, initiated construction of a polysilicon manufacturing facility in Pocatello, Idaho ("the Project") and hired plaintiff as its general contractor. (Compl. ¶¶ 10-12.) In 2009, Hoku entered into a financing agreement with Tianwei. (<u>Id.</u> ¶ 14.) Under the terms of this agreement, Tianwei received shares of Hoku common stock in exchange for its promise to provide financing to Hoku and to secure additional outside financing in the event it was necessary to complete the Project. (<u>Id.</u>) This agreement allegedly resulted in Tianwei becoming a majority shareholder of--and obtaining a significant degree of control over--Hoku. (<u>Id.</u> ¶¶ 14-15.)

In 2011, Tianwei allegedly began expressing displeasure at the structure of the contract between Hoku and plaintiff, and began withholding payment from plaintiff. (<u>Id.</u> ¶ 17.) After Hoku failed to pay plaintiff in October 2011, plaintiff alleges that Zhang and Paul assured it that Tianwei "had all required financing in place" and that it was a matter of "when, not if" the flow of funding would be cleared by bureaucrats in China. (<u>Id.</u> ¶ 18.) Plaintiff alleges that defendants reiterated these promises in a series of communications between November 2, 2011 and February 17, 2012. (<u>Id.</u> ¶¶ 42-49.) Defendants allegedly assured plaintiff that "the money was in place to pay" plaintiff, (<u>id.</u> ¶ 19), that "Hoku has enough budget to complete the current contracts," (<u>id.</u> ¶ 20), that Hoku was "good for the money" and

2

"Tianwei has committed to provide the funding we need to build this plant," (id. ¶ 23), that Tianwei "will ensure sufficient funds are in place till completion of the project," (id.), and that "Hoku/Tianwei is not a credit risk," (id. ¶ 22). Defendants allegedly insisted that Hoku's delays in payment were attributable to wire logistics, restrictions on transfers from China to the United States, delays in obtaining Xia's signature, "various cultural festivals and holidays," and other "strictly procedural" matters. (Id. ¶ 21.)

As a result of Hoku's failure to make payments, plaintiff discontinued its work on the Project on March 30, 2012. (Id. ¶ 26.) After it did so, Hoku defaulted on its debt obligations to several Chinese banks, which drew upon letters of credit issued by Tianwei to satisfy outstanding debt obligations of over $300 million. (Id. ¶ 28.) During Hoku's subsequent bankruptcy proceedings, its president, Xiaoming Yin, indicated that Tianwei had prioritized its debt obligations to the Chinese banks in lieu of satisfying its outstanding debts to plaintiff. (Id.)

Plaintiff filed this action on August 20, 2013, asserting claims against all defendants for common-law fraud, violations of the Idaho Racketeering Act, I.C. § 18-7801 et seq., and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962. (Docket No. 1.) Defendants now move to dismiss the Complaint pursuant to Rule 12(b)(1) for lack of standing, pursuant to Rule 12(b)(2) for lack of personal jurisdiction, and pursuant to Rule 12(b)(6) for failure to state

3

a claim upon which relief can be granted.[1]

II. <u>Defendants' Rule 12(b)(6) Motion</u>

On a motion to dismiss, the court must accept the allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. <u>Scheuer v. Rhodes</u>, 416 U.S. 232, 236 (1974), <u>overruled on other grounds by</u> <u>Davis v. Scherer</u>, 468 U.S. 183 (1984); <u>Cruz v. Beto</u>, 405 U.S. 319, 322 (1972). To survive a motion to dismiss, a plaintiff needs to plead "only enough facts to state a claim to relief that is plausible on its face." <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," and where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Twombly</u>, 550 U.S. at 556–57).

    1. <u>Common-Law Fraud</u>

"In Idaho, fraud consists of (1) a statement or representation of fact, (2) its falsity, (3) its materiality, (4) the speaker's knowledge of its falsity, (5) the speaker's intent that there be reliance, (6) the hearer's ignorance of the falsity of the statement; (7) reliance by the hearer, (8) justifiable reliance, and (9) resultant injury." <u>Wash. Fed. Sav. v. Van Engelen</u>, 153 Idaho 648, 657 (2012) (citation and internal quotation marks omitted).

---

[1] Defendants filed three separate motions to dismiss: one by Paul, (Docket No. 6), one by Tianwei, (Docket No. 26), and a joint motion by Liu & Zhang, (Docket No. 15). Xia has not yet been served.

4

Allegations of fraud are also subject to Federal Rule of Civil Procedure 9(b), which requires that a plaintiff must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b); see also Vess v. Ceiba-Geigy Corp. USA, 317 F.3d 1097, 1102 (9th Cir. 2003) (holding that Rule 9(b) applies to state-law fraud claims brought in federal court). Under Rule 9(b), "[a]verments of fraud must be accompanied by the 'who, what, where, when, and how' of the misconduct charged." Id. at 1106 (quoting Cooper v. Pickett, 137 F.3d 616, 627 (9th Cir. 1997)). The Ninth Circuit has emphasized that Rule 9(b) also applies to allegations of falsity and that a plaintiff alleging falsity "must 'set forth what is false or misleading about a statement, and why it is false.'" Rubke v. Capitol Bancorp Ltd., 551 F.3d 1156, 1161 (9th Cir. 2009) (quoting Yourish v. Cal. Amplifier, 191 F.3d 983, 993 (9th Cir. 1999)).

Plaintiff alleges that defendants' representations of Hoku and/or Tianwei's ability and willingness to make future payments "were false because no additional payments were made after October 2011." (Compl. ¶ 31.) As a general rule, however, "a promise to do something in the future, which is subsequently broken, does not constitute a misrepresentation of existing fact unless at the time of making the promise the promisor had no intention of performing the promise." Weatherhead v. Griffin, 123 Idaho 697, 702 (Idaho Ct. App. 1992) (citation omitted); accord Gillespie v. Mountain Park Estates, LLC, 142 Idaho 671, 673-74 (2006) (noting that a claim of fraud generally "cannot be based . . . upon the mere failure to perform a promise or an agreement to do something in the future").

Plaintiff contends that its allegations that defendants knew that "the funds necessary to pay [plaintiff] were not secured" and that "such funds would not be paid to [plaintiff]," (Compl. ¶ 33), sufficiently allege that defendants made promises of payment without intent to pay. Although allegations of falsity are generally subject to a heightened pleading standard under Rule 9(b), see Rubke, 551 F.3d at 1161, the Rule provides that intent and other states of mind "may be alleged generally." Fed. R. Civ. P. 9(b). The Supreme Court has made clear, however, that this provision merely "excuses a party from pleading . . . intent under an elevated pleading standard," and does not give a plaintiff "license to evade the less rigid . . . strictures of Rule 8." Iqbal, 556 U.S. at 686-87; see also Eclectic Props. E., LLC v. Marcus & Millichap Co., Civ. No. 09-511 RMW, 2012 WL 713289, at *11 (N.D. Cal. Mar. 5, 2012) (noting that although fraudulent "intent may be alleged generally under Rule 9(b), it is still subject to the plausibility requirement of Rule 8").

Here, while plaintiff alleges that defendants knew that the promised funds would not be paid and alleges various facts about Hoku's precarious financial condition, (see, e.g., Compl. ¶ 28), it does not allege any facts that suggest that defendants were aware of Hoku's financial difficulties or otherwise knew that the funds would not be paid. Absent any factual allegations of this sort, plaintiff's conclusory allegation that defendants made promises without intent to pay are insufficient to withstand dismissal even under the standards of Rule 8. See Iqbal, 556 U.S. at 686.

Plaintiff also relies on Form 10-Q filings made by Hoku

6

to the Securities and Exchange Commission during the Fourth Quarter of 2011 to support its allegation that defendants' representations were false. (See Decl. of Joseph N. Pirtle Ex. C (Docket No. 19-2).) In particular, plaintiff relies upon a single sentence of the report stating that "the amount [Hoku has] secured is not sufficient to complete construction of the Polysilicon plant." (Id. at 48.) Even if the court took judicial notice of this filing,[2] the report does not support plaintiff's allegation that defendants' representations were false. In a paragraph entitled "Liquidity and Capital Resources," that filing states:

> Tianwei, our majority shareholder has committed to provide us financial support for our ongoing operations, planned capital expenditures and debt service requirements until at least April 1, 2012. In addition, Tianwei has provided standby letters of credit as collateral for our third-party debt with a principal amount of $273 million as of September 30, 2011.

(Id. at 44.)

Taken together, the statements in the Form 10-Q filing are entirely consistent with the thrust of defendants' alleged

---

[2] While the court generally may not consider items outside the pleadings when deciding a motion to dismiss, it may consider items of which it can take judicial notice. Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994). The court may take judicial notice of "facts not subject to reasonable dispute" because they are either "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201. In particular, the court may take notice of public documents that are filed with the Securities and Exchange Commission, "even if the filings are not cited in the complaint." In re Atlas Mining Co. Sec. Litig., 670 F. Supp. 2d 1128, 1139 (D. Idaho 2009) (citing Dreiling v. Am. Express Co., 458 F.3d 942, 946 n.2 (9th Cir. 2006)).

misrepresentations--namely, that Hoku did not have the cash on hand to pay plaintiff, but that Tianwei had committed to provide financing sufficient to pay for plaintiff's work through April 1, 2012. (See Compl. ¶ 23.) That Tianwei later reneged on its promise to finance the construction of the Project or to pay the debts owed to plaintiff is insufficient to allege that defendants' representations were false at the time they were made. As the Ninth Circuit has made clear, a plaintiff may not allege that a statement was false when it was made simply by pointing to "later, sobering revelations [that] made the earlier, cheerier statement a falsehood." In re GlenFed Sec. Litig., 42 F.3d 1541, 1548 (9th Cir. 1994) (en banc), superseded by statute on other grounds, 15 U.S.C. § 78u-4.

In short, plaintiff has not sufficiently alleged that defendants' representations that Hoku or Tianwei intended to pay plaintiff for its work on the project were false, much less that at the time they allegedly made these representations defendants knew they were false, even under the "less rigid" standards imposed by Rule 8. Iqbal, 556 U.S. at 687. Accordingly, defendants' motion to dismiss plaintiff's claim for fraud must be granted.

    2. Racketeering

To state a claim under RICO, 18 U.S.C. § 1962(c), a plaintiff must allege: "(1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity (known as 'predicate acts') (5) causing injury to [a] plaintiff's 'business or property.'" Living Designs, Inc. v. E.I. Dupont de Nemours & Co., 431 F.3d 353, 361 (9th Cir. 2005) (citations omitted). The

elements of a claim under the Idaho Racketeering Act, I.C. § 18-7801 et seq., "parallel those of its federal counterpart." State v. Nunez, 133 Idaho 13, 17 (1999). As with plaintiff's common-law fraud claim, "Rule 9(b)[] . . . applies to civil RICO fraud claims." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1065-66 (9th Cir. 2004) (citing Alan Neuman Prods., Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1989)).

Plaintiff's racketeering claims are premised on the allegation that defendants' representations of future payment constituted predicate acts of wire fraud. See Sedima, S.P.R.L. v. Imrex Co., 473 U.S. 479, 481 (1985) (holding that wire fraud can serve as a predicate act of racketeering conduct in a civil RICO claim). Wire fraud requires that a defendant must have devised or intended to devise a scheme or artifice to defraud "by means of false or fraudulent pretenses, representations, or promises." 18 U.S.C. § 1343. As explained above, plaintiff has failed to allege that defendants' representations that Hoku or Tianwei intended to pay plaintiff for its construction work were false. Accordingly, the court must grant defendants' motion to dismiss plaintiff's claims under RICO and the Idaho Racketeering Act.[3]

IT IS THEREFORE ORDERED that defendants' motions to dismiss the Complaint be, and the same hereby are, GRANTED.

Plaintiff has twenty days from the date this Order is signed to file an amended Complaint, if it can do so consistent

---

[3] Because plaintiff fails to state a claim against any defendant, the court does not reach defendants' motions to dismiss on the basis of standing or personal jurisdiction.

9

with this Order.

Dated: March 17, 2014

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE