UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JH KELLY, LLC, a Washington limited liability company,<br><br>      Plaintiff,<br><br>      v.<br><br>TIANWEI NEW ENERGY HOLDINGS CO., LTD., a People's Republic of China company, TAO (MIKE) ZHANG, WEI XIA, SCOTT PAUL, DAUI (SEAN) LIU, AND DOES 1-10,<br><br>      Defendants. | Case No. 1:13-cv-00368-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion for attorney fees and costs filed by Tianwei New Energy Holdings Co., Ltd. Dkt. 55. The motion is fully briefed and at issue. The Court has determined that oral argument will not significantly assist the decisional process and will therefore consider the matters without a hearing. For reasons explained below, the Court will deny the motion.

# BACKGROUND[1]

In 2007, Hoku Materials, Inc., a Chinese corporation, hired Plaintiff JH Kelly, LLC, as its general contractor for a polysilicon manufacturing plant in Pocatello, Idaho. Construction commenced that year. *Am Compl.,* Dkt. 35, ¶¶ 13-14.

In 2009, Tianwei and Hoku entered into a financing agreement. Tianwei provided funding for Hoku to complete construction on the plant and, in exchange, Tianwei became the majority shareholder of Hoku. As a result, Tianwei exercised significant control over the construction of the polysilicon plant. *Id.* ¶¶ 17-19.

Hoku fell behind in paying JH Kelly for its work on the plant. On several occasions, JH Kelly discussed its concerns about the late payments with Tianwei, which assured that sufficient funds were in place. Hoku stopped paying JH Kelly altogether, but Tianwei again assured JH Kelly that funding was in place. *See id.* ¶¶ 24, 42, 43, 68.

JH Kelly ceased construction due to loss of funding in 2012. At that point, Hoku owed JH Kelly approximately $25 million for the work it had done on the plant. JH Kelly sued Tianwei, along with several other defendants, to recover its outstanding debt. *Id.* ¶ 46.

JH Kelly initially alleged claims for common law fraud and violations of Idaho's

---

[1] These facts are drawn from the Amended Complaint on file in this case. *See* Dkt. 35. A fuller version of the alleged facts is set forth in the Court's November 10, 2014 Memorandum Decision & Order. *See* Dkt. 52.

Racketeering Act, Idaho Code, §§ 18-7801 – 18-7805, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961 – 1968. The Court dismissed the complaint for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). *See Nov. 10, 2014 Order,* Dkt. 34. JH Kelly then filed an amended complaint, which included the former fraud and racketeering claims and added a common law negligence claim. *See Apr. 6, 2014 Am. Comp.*, Dkt. 35. The Court dismissed the amended complaint with prejudice because JH Kelly failed to allege facts that demonstrated fraud and racketeering, and because the negligence claim is not cognizable under Idaho law. *See Nov. 10, 2014 Order,* Dkt. 52. Tianwei now seeks attorneys' fees and costs from JH Kelly.

## LEGAL STANDARD

Federal courts exercising either diversity jurisdiction or supplemental jurisdiction over state-law claims apply state law in determining requests for attorneys' fees. *See Interform Co. v. Mitchell*, 575 F.2d 1270, 1280 (9th Cir. 1978) (applying Idaho law); *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1281 (9th Cir. 1999). Tianwei requests an award of attorney fees pursuant to Idaho Code §§ 12-120(3) and 12-121. JH Kelly objects.

## ANALYSIS

1. **Idaho Code § 12-120(3)**

Idaho Code § 12-120(3) provides that the prevailing party "shall be allowed" an award of reasonable attorney fees in any civil action to recover on any "commercial

transaction." Idaho Code § 12-120(3). "A "commercial transaction" is defined as "all transactions except transactions for personal or household purposes." *Id*. Idaho courts have held that an award of attorney fees is appropriate where "'the commercial transaction is integral to the claim, and constitutes the basis upon which the party is attempting to recover.'" *Blimka v. My Web Wholesaler, LLC*, 152 P.3d 594, 599 (Idaho 2007) (citation omitted).

Idaho courts have further clarified that Idaho Code § 12-120(3) "neither prohibits a fee award for a commercial transaction that involves tortious conduct ... nor does it require that there be a contract." *Blimka*, 152 P.3d at 599, citing *Lettunich v. Key Bank Nat'l Ass'n*, 109 P.3d 1104, 1111 (Idaho 2005). Significantly, however, the "commercial transaction" under Idaho Code § 12-120(3) must be "between the parties." *BECO Const. Co. v. J-U-B Eng'rs, Inc.*, 184 P.3d 844, 851 (Idaho 2008) (observing that, after a particular point, "J-U-B is not entitled to its fees because there is no commercial transaction *between the parties*") (emphasis added); *see also Great Plains Equip., Inc. v. Nw. Pipeline Corp.*, 36 P.3d 218, 224-25 (Idaho 2001).

There is no dispute that Tianwei is the prevailing party. The issue is whether this action involves the requisite "commercial transaction between the parties."

The Court concludes that there was no "commercial transaction" between Tianwei and plaintiff JH Kelly. Tianwei concedes that it never entered into any agreement with JH Kelly. *See Motion to Dismiss*, Dkt. 26, at 8. As a result, JH Kelly did not sue Tianwei to recover on any contract between these two parties; rather JH Kelly alleged

that Tianwei engaged in fraudulent and racketeering activity arising from a contract between Hoku and Tianwei. *See Compl.*, Dkt. 35. This attenuated connection to a contract cannot form the basis for an attorney's fee award under Idaho Code § 12-120(3). The Idaho Supreme Court has repeatedly and expressly ruled that "[t]he commercial transaction must be 'between the prevailing party and the party from whom that party seeks fees.'" *Brown v. Greenheart*, 335 P.3d 1, 12 (Idaho 2014) (citation omitted); *see also Bridge Tower Dental, P.A. v. Meridian Computer Ctr., Inc.*, 272 P.3d 541, 547 (Idaho 2012); *Jacklin Land Co. v. Blue Dog RV, Inc.*, 254 P.3d 1238, 1246–47 (Idaho 2011); *BECO Const. Co.*, 184 P.3d at 851.

For instance, in *BECO Construction Co. v. J-U-B Engineers, Inc.*, 184 P.3d 844, 847 (Idaho 2008), the commercial transaction at issue was a construction contract between BECO (the plaintiff) and the City of Pocatello. The construction contract named the defendant, J-U-B Engineers, as the City's representative and agent. *Id.* However, the construction contract was not between BECO and J-U-B Engineers. *Id.* Thus, no commercial transaction existed between BECO and J-U-B Engineers, the plaintiff and the defendant in the case. The Court therefore denied J-U-B Engineers attorney fees pursuant to Idaho Code § 12-120(3). *Id.* at 851.

Similarly, in *Jacklin Land Co. v. Blue Dog RV, Inc.,* 254 P.3d 1238 (Idaho 2011), the commercial transaction at issue was an agreement between the plaintiff, Jacklin Land Co. and a nonparty. *Jacklin Land Co.*, 254 P.3d at 1241. Specifically, Jacklin agreed to sell land to Quality Centers Associates (QCA) to build a shopping mall. *Id.* QCA then

MEMORANDUM DECISION AND ORDER - 5

sold the shopping mall and some land to KL Properties. *Id.* KL Properties, in turn, leased four lots to Blue Dog RV, the defendant in the case. *Id.* Jacklin sued for a declaratory judgment that Blue Dog RV's lease violated the agreement between Jacklin and QCA. *Id.* Because the underlying commercial transaction at issue was between Jacklin and QCA, the Court declined to award § 12-120(3) attorney fees to Jacklin against Blue Dog RV. *Id.* at 1246.

In view of these authorities, the Court is not persuaded by Tianwei's arguments that it may recover fees under Idaho Code § 12-120(3).

**2. Idaho Code § 12-121**

This Court is also not persuaded that fees should be awarded under Idaho Code § 12-121. An award of attorney fees under this section is appropriate only "when the court, in its discretion, is left with the abiding belief that the case was brought, pursued, or defended frivolously, unreasonably, or without foundation." *Michalk v. Michalk*, 220 P.3d 580, 591 (Idaho 2009); *see also* Idaho R. Civ. P. 54(e)(1). These circumstances do not exist "[i]f there is a legitimate, triable issue of fact or a legitimate issue of law . . . ." *Kiebert v. Goss*, 159 P.3d 862, 865 (Idaho 2007) (citation omitted). When deciding whether attorney fees should be awarded under section 12-121, the entire course of the litigation must be taken into account and if there is at least one legitimate issue presented, attorney fees may not be awarded. *Michalk*, 220 P.3d at 591.

In this case, the Court concluded that JH Kelly had failed to state a claim upon which relief could be granted. But this ruling does not mean that the action was

frivolous. JH Kelly's arguments did not ultimately carry the day, but the Court is not left with an "abiding belief that the case was brought . . . frivolously, unreasonably, or without foundation." *Id.* The Court thus declines to award fees under Idaho Code § 12-121.

**3.    Costs**

Finally, the Court will deny Tianwei's request for costs. The bill of costs is not certified or signed by counsel. Further, Tianwei has not responded to JH Kelly's argument that the sole item claimed as a "cost" – nearly $9,000 in Westlaw charges – is not allowable in this case.

## ORDER

**IT IS ORDERED that:**

**(1)** Tianwei's Motion for Attorney Fees (Dkt. 55) is **DENIED.**

**(2)** Tianwei's Bill of Costs (Dkt. 55-5) is **DENIED.**

DATED: February 23, 2015

B. Lynn Winmill
Chief Judge
United States District Court